IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| MICHAEL LUCTMAN, | ] |
| --- | --- |
| Plaintiff, | ] |
| vs. | ] Case No: |
| PROMAT INC., | ] JURY DEMAND |
| Defendant. | ] |

## COMPLAINT

Comes now the Plaintiff, Michael Luctman, by and through counsel and for cause of action will respectfully show to the Court as follows:

### JURISDICTION and VENUE

1. This action involves the application of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621, *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101, *et. seq.* and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

3. The claims asserted in this action arose in Blount County, Maryville, Tennessee; therefore, proper venue for this action lies within the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391.

## ADMINISTRATIVE PREREQUISITES

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue as to Defendant Promat, Inc. was issued on August 21, 2023, and received by Plaintiff on August 21, 2023, a true and correct copy of which is attached hereto as Exhibit A.

## PARTIES

5. Michael Luctman ("Mr. Luctman" or "Plaintiff"), is an adult 53-year-old male individual and citizen of the United States who resides in Blount County, Maryville, Tennessee.

6. At all relevant times, Plaintiff was an employee of Defendant Promat Inc. within the meaning of the ADEA, ADA, and Title VII of the Civil Rights Act of 1964.

7. Defendant, Promat Inc., is a foreign corporation or similar business entity and regularly conducts business at 1731 Fred Lawson Drive, Maryville, TN 37801.

8. At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed fifteen (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to 29 U.S.C. § 2611(4)(A) of the Family and Medical Leave Act (FMLA).

9. At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed twenty (20) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to 29 U.S.C. § 621, *et seq.*, the Age Discrimination in Employment Act.

10. At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed fifteen (15) or more employees for each working day during each

of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

11. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

## FACTUAL ALLEGATIONS

12. In or around March 2021, Aerotek Staffing assigned Mr. Luctman to a full-time position with Defendant Promat as a Maintenance Technician.

13. This position was intended to be a temp-to-full-time assignment.

14. Aerotek Staffing is a staffing agency which connects qualified employees to employers in need of their service.

15. After being assigned to Defendant in March 2021, Defendant began directing Mr. Luctman's work, including designating his work hours and duties each day.

16. Mr. Luctman remained employed by both Aerotek Staffing and Promat until September 5, 2021.

17. As of September 5, 2021, Mr. Luctman became a full-time, permanent employee of Defendant Promat until his termination.

18. Mr. Luctman suffers from hypertension and Generalized Anxiety Disorder (GAD).

19. In its unmitigated state, Mr. Luctman's hypertension and GAD substantially limit the major life activities of speaking, sleeping, breathing, and working.

20. The symptoms of Mr. Luctman's hypertension and GAD are exasperated by high temperatures.

21. Mr. Luctman's hypertension and GAD were mitigated with ongoing doctor's treatment and medication.

22. Defendant employed Mr. Luctman as a maintenance technician.

23. Mr. Luctman's primary job duties included maintaining all equipment and company property.

24. Throughout his employment, Mr. Luctman had exemplary performance and received numerous awards and bonuses.

25. During his employment, Mr. Luctman's coworkers consistently referred to him as "old man."

26. Defendant held Mr. Luctman to different performance standards than younger employees in his position.

27. Mr. Luctman could perform all of his essential job duties with or without accommodation.

28. In July 2022, Mr. Luctman informed Defendant's human resource department that he would like to request a temporary leave of absence due to his health condition.

29. After making this request, Mr. Luctman's coworkers began harassing him at work.

30. On one occasion, Mr. Luctman's coworker took his cream, used to treat his medical condition, and wrote "still gay" on the container and placed it in his workplace.

31. Mr. Luctman reported these actions to human resources and included photographic evidence.

32. In August 2022, Mr. Luctman's hypertension and GAD flared up and he requested to go home for the rest of the day.

33. Defendant ostensibly approved Mr. Luctman's absence.

34. Once returning home, Mr. Luctman received a text terminating his employment.

35. In the message, Defendant cited unsatisfactory performance as the reason for termination.

36. During his employment, Mr. Luctman was subjected to disparate treatment and terminated based on his age, disability, and gender.

37. Defendant terminated Mr. Luctman in retaliation for requesting accommodation under the ADA and for making reports of harassment.

38. Any other reasons proffered by Defendant are pretext.

## COUNT I – AGE DISCRIMINATION
## (29 U.S.C. § 623(a)(1))

39. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

40. Plaintiff asserts Defendant discriminated against Plaintiff and interfered with his rights in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621, *et seq*.

41. At said dates and times as set forth herein, Plaintiff was over the age of forty (40).

42. Plaintiff's co-workers and supervisors treated him differently and less favorably than younger employees.

43. Plaintiff was treated poorly and received disparate treatment as compared to younger employees who were similarly situated.

44. Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. by wrongfully discriminating against Plaintiff on the basis of his age.

45. There is a causal connection between Plaintiff's age and his discharge.

46. At all relevant times set forth herein:

   (a) Plaintiff was over forty years of age and was qualified to perform the required job duties.

(b) Plaintiff was discharged and/or denied advancement opportunities;

(c) Plaintiff was denied advancement opportunities in favor of a substantially younger person;

(d) Age was the determining factor in the Defendant's decision to discriminate against the Plaintiff and to discharge Plaintiff; and

(e) Defendant did not have a legitimate, non-discriminatory reason for discharging Plaintiff.

47. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

## COUNT II—DISABILITY DISCRIMINATION
### (42 U.S.C. § 12101, *et seq.*)

48. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

49. Plaintiff was a qualified individual with a disability and/or was perceived as an individual with a disability.

50. Plaintiff was disabled in that he had physical impairments which substantially limited one or more life activities and/or major bodily functions.

51. Defendant regarded Plaintiff as disabled by perceiving him as having an impairment, whether or not the impairment limits or is perceived to limit a major life activity.

52. Defendant discriminated against Plaintiff on the basis of his disability and/or perceived disability in violation of the ADAAA, 42 U.S.C. § 12112, *et seq*.

53. Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

54. Defendant was aware of Plaintiff's disabilities.

55. Plaintiff made requests for reasonable accommodations that would not cause undue hardship to Defendant.

56. Defendant failed to engage in the interactive process.

57. Defendant took adverse employment actions against Plaintiff because of his disabilities and/or perceived disabilities.

58. Defendant took adverse employment actions against Plaintiff in retaliation for his requests for reasonable accommodations.

59. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

60. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## COUNT III—SEX DISCRIMINATION
### (42 U.S.C. § 2000e-2(a)(1))

61. Plaintiff hereby re-alleges the forgoing paragraphs as though fully set forth herein.

62. Plaintiff is a male and a member of a protected class under Title VII of the Civil Rights Act.

63. Plaintiff was qualified for his position.

64. Plaintiff was subjected to disparate treatment because of his sex in violation of Title VII of the Civil Rights Act.

65. Defendant is vicariously liable for the actions of its management and supervisors.

66. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and anguish.

67. As a direct and proximate result of such actions, Plaintiff has been, is being and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

### COUNT IV – VIOLATION OF THE FMLA
### (Interference)

68. Plaintiff re-alleges the foregoing paragraphs as though fully set forth herein.

69. Defendant qualifies as an "employer" as defined in the FMLA, 29 U.S.C. § 2611(4) and employed over fifty (50) or more employees within a seventy-five (75) mile radius from the location in which the Plaintiff worked.

70. Plaintiff was an "eligible employee" as defined in the FMLA, 29 U.S.C. § 2611(2), as he had been employed continuously by Defendant for over a twelve-month period and worked at least 1,250 hours of service in the prior twelve month period.

71. Plaintiff was employed by both Aerotek Staffing and Promat, Inc. from March 2021 until September 2021 for purposes of determining FMLA eligibility, after which time he was solely employed by Defendant.

72. Plaintiff alleges there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1).

73. Defendant interfered with Plaintiff's attempt to exercise his right of entitlement to leave under the FMLA, pursuant to 29 U.S.C. § 2615(a).

74. Defendant is responsible and liable under the FMLA, 29 U.S.C. § 2617(a).

75. Defendant, in terminating Plaintiff's employment for requesting FMLA, willfully violated the anti-interference provisions of the FMLA, 29 U.S.C. § 2615.

76. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## COUNT V – VIOLATION OF THE FMLA
### (Retaliation)

77. Plaintiff re-alleges the foregoing paragraphs as though fully set forth herein.

78. Defendant qualifies as an "employer" as defined in the FMLA, 29 U.S.C. § 2611(4) and employed over fifty (50) or more employees within a seventy-five (75) mile radius from the location in which the Plaintiff worked.

79. Plaintiff was an "eligible employee" as defined in the FMLA, 29 U.S.C. § 2611(2), as he had been employed continuously by Defendant for over a twelve-month period and worked at least 1,250 hours of service in the prior twelve month period.

80. Plaintiff was employed by both Aerotek Staffing and Promat, Inc. from March 2021 until September 2021 for purposes of determining FMLA eligibility, after which time he was solely employed by Defendant.

81. Plaintiff alleges there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1).

82. Defendant is responsible and liable under the FMLA, 29 U.S.C. § 2617(a).

83. Defendant retaliated against Plaintiff by terminating his employment after he exercised his right of entitlement to leave under the FMLA, pursuant to 29 U.S.C. § 2615(a).

84. Defendant, in terminating Plaintiff's employment for exercising his right of entitlement to leave under the FMLA, willfully violated the retaliation provisions of the FMLA, 29 U.S.C. § 2615.

85. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of back pay, front pay, wages, employment benefits, or other compensation denied or lost by Plaintiff as a result of Defendant's adverse actions against Plaintiff;

(2) a judgment against the Defendant for damages, both compensatory and punitive, in an amount to be determined at trial;

(3) liquidated damages pursuant to the ADEA and FMLA;

(4) a tax offset to neutralize the tax burden of any award;

(5) attorney's fees, interest and costs; and

(6) any such other legal or equitable relief as may be appropriate or to which he may be entitled under federal or state law.

Respectfully Submitted,

**THE EMPLOYMENT AND CONSUMER LAW GROUP**

**/s/ *Lauren Irwin***
**BRANDON HALL, BPR No. 034027**
**LAUREN IRWIN, BPR No. 038433**
1720 West End Ave., Ste. 402
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*